# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 2:16-cr-00073-JCM-CWH |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ROMIE LEMON TURNER, ) | |
| Defendant. ) | |

Presently before the Court is Defendant Romie Lemon Turner's Motion for Issuance of Subpoenas (ECF No. 22), filed on April 28, 2016. Defendant filed a Notice of Corrected Exhibit B to Motion for Issuance of Subpoenas (ECF No. 23) on April 29, 2016. The trial in this case is set for October 3, 2016.

On February 13, 2016, police requested a search warrant at 21:50 hours to search Defendant's vehicle and apartment. (Mot. for Issuance of Subpoenas (ECF No. 22), Ex. A at 1.) The warrant was approved at 22:00 hours on that date. (*Id.* at 2.) Police officers took photographs pursuant to the execution of the search warrant. Although Defendant was provided with copies of the photographs, Defendant represents that the copies do not contain the original metadata showing the time the photographs were taken. Defendant argues there is good cause to order production of the photographs with metadata before trial so Defendant may determine the time the police executed the search warrant, thereby demonstrating whether the apartment was searched before or after the search warrant was approved.

Federal Rule of Criminal Procedure 17 governs the issuance of subpoenas in criminal cases. Specifically, Rule 17(c)(1) governs the production of data:

///

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

The moving party bears the burden of showing good cause for the requested pretrial production, which requires a showing that: (1) the data is evidentiary and relevant; (2) the data is not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) the defendant cannot properly prepare for trial without production in advance of trial and that failure to obtain the data may unreasonably delay the trial; and (4) the application is made in good faith and not intended as a fishing expedition. *United States v. Nixon*, 418 U.S. 683, 699-700 (1974) (citing *United States v. Iozia*, 13 F.R.D. 335, 338 (S.D.N.Y. 1952)).

In *Nixon*, Supreme Court identified "three hurdles" that a moving party must clear in order to carry his burden: relevancy, admissibility, and specificity. *Id.* at 700. The moving party must "show the evidentiary nature of the requested materials . . . ." *United States v. Skeddle,* 178 F.R.D. 167, 168 (N.D. Ohio 1996). Conclusory allegations of relevance or admissibility are not sufficient. *United States v. Sellers*, 275 F.R.D. 620, 623-24. Data requested in a Rule 17(c) subpoena must have more than some potential relevance or evidentiary use, instead, there must be a sufficient likelihood that the requested material is relevant to the offenses charged in the indictment. *Id.* at 624 (citing *Nixon*, 418 U.S. at 700). The specificity requirement "ensures that the subpoenas are used only to secure for trial certain documents or sharply defined groups of documents" and to discourage "fishing expedition[s]." *Id*. (quotations omitted).

The Court has read and considered Defendant's unopposed motion and for the reasons stated in the motion finds the Defendant clears the hurdles of relevance, admissibility, and specificity. The Court therefore finds that there is good cause for the production before trial of the digital photographs with metadata as stated in the requested subpoena. The Court therefore will grant Defendant's motion. Given that the dates on the requested subpoena have expired, Defendant may update the dates as necessary.

/ / /

/ / /

IT IS THEREFORE ORDERED that Defendant Romie Lemon Turner's Motion for Issuance of Subpoenas (ECF No. 22) is GRANTED.

DATED: June 17, 2016.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**